1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK CROZIER and KEVIN GREENFIELD,<br><br>                              Plaintiffs,<br><br>       vs.<br><br>UNITED STATES OF AMERICA,<br><br>                              Defendant. | CASE NO. 09cv510-WQH-WMc<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Motion to Dismiss filed by Defendant United States of America ("United States").  (Doc. # 13).

## BACKGROUND

On January 20, 2009, Plaintiffs Mark Crozier and Kevin Greenfield filed a Complaint for Damages for Slander and Libel ("Complaint") against David Byrnes and Carl Newberry in the Superior Court for the State of California, County of San Diego.  (Doc. # 1 at 3).  The Complaint alleges that Byrnes and Newberry made false statements concerning Plaintiffs to a representative of the Civilian Human Relations Department for Marine Corps Base Camp Pendleton and several other persons unknown to Plaintiffs.  (Doc. # 1 at 4).

On March 13, 2009, the United States, on behalf of Byrnes and Newberry, removed the case to this Court pursuant to the Federal Employees Liability Reform and Tort Compensation

1    Act, 28 U.S.C. § 2679(d).  (Doc. # 1).  In the Notice of Removal, the United States asserts that

2    Byrnes and Newberry were acting within the scope of their employment as federal employees

3    with respect to the events giving rise to the allegations in Plaintiffs' Complaint.  The United

4    States concurrently filed a Notice of Substitution of United States of America as Defendant,

5    and a Certification of Scope of Employment pursuant to 28 U.S.C. § 2879(d).  (Docs. # 2, 3).

6           On April 6, 2009, Plaintiffs filed a response and objection to the notice of substitution

7    of United States of America as Defendant.  (Doc. # 9).

8           On May 14, 2009, the Court issued an Order finding that Byrnes and Newberry were

9    acting within the scope of their employment and ordering that "the United States shall be

10   substituted as a Defendant in place of David Byrnes and Carl Newberry, and that the title of

11   the action be amended accordingly."  (Doc. # 12).

12          On June 12, 2009, the United States filed a Motion to Dismiss Plaintiffs' Complaint on

13   the grounds that the United States is immune from slander and libel claims, and Plaintiffs

14   failed to exhaust their administrative remedies prior to filing suit.  (Doc. # 13).

15          Plaintiffs have not responded to the Motion to Dismiss.

16                                               **DISCUSSION**

17          "The basic rule of federal sovereign immunity is that the United States cannot be sued

18   at all without the consent of Congress."  *Block v. North Dakota*, 461 U.S. 273, 287 (1983).

19   Absent a Congressional waiver of sovereign immunity, a claim against the United States must

20   be dismissed for lack of subject matter jurisdiction.  *See Gerritsen v. Consulado General de*

21   *Mexico*, 989 F.2d 340, 343 (9th Cir. 1993); *Gilbert v. Da Grossa*, 756 F.2d 1455, 1458 (9th

22   Cir. 1985).

23          The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq.*, provides

24   a remedy for persons injured by the tortious activity of an employee of the United States,

25   where the employee was "acting within the scope of his ... employment." 28 U.S.C. § 1346(b).

26   "[T]here are certain limitations to the right to bring suit against the United States under the

27   FTCA....  First, 28 U.S.C. § 2680(h) specifically excepts from the FTCA '[a]ny claim arising

28   out of ... libel, slander, ....'   Section 2680(h)'s exceptions are jurisdictional in nature."

*Meridian Int'l Logistics, Inc. v. United States*, 939 F.2d 740, 742-43 (9th Cir. 1991) (citing *Morrill v. United States*, 821 F.2d 1426, 1426-27 (9th Cir. 1987)).  "Second, 28 U.S.C. § 2675(a) establishes that a FTCA action 'shall not be instituted' against the United States unless the claimant first presents his claim to the 'appropriate Federal agency' and the claim is denied. The claim requirement of § 2675(a) is a jurisdictional limitation."  *Id.* at 743 (citing *Blain v. United States*, 552 F.2d 289, 291 (9th Cir. 1977)).

The sole claims alleged in the Complaint are for slander and libel.  (Doc. # 1 at 3-8). Plaintiffs' claims are explicitly covered by section 2680(h)'s exception from the FTCA, and therefore the claims are barred.  *See* 28 U.S.C. § 2680(h); *Roundtree v. United States*, 40 F.3d 1036, 1039 n.2 (9th Cir. 1994) (defamation); *Waggy v. United States*, 2009 WL 1764515, at *3 (E.D. Wash., June 18, 2009) ("Plaintiff's defamation and libel claims are explicitly covered by section 2680(h)'s intentional-tort exception and therefore barred."); *Crump v. Social Security Admin.*, 2008 WL 3850804, at *4 (E.D. Cal., Aug. 14, 2008) ("[P]laintiff's claim against the United States includes the torts of libel and slander, which are excluded torts under § 2680(h).  Accordingly, defendants' motion to dismiss should be granted with regard to plaintiff's claim for libel and slander.").

The Complaint does not allege that Plaintiffs filed an administrative claim with the United States prior to filing suit.  For this additional reason, the Complaint must be dismissed. *See* 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim against the United States unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail [or languished for more than six months.]"); *Jerves v. United States*, 966 F.2d 517, 521 (9th Cir. 1992) ("Because Jerves failed to comply with the administrative claim requirements of the FTCA, the district court correctly dismissed her suit for lack of subject matter jurisdiction."); *Waggy*, 2009 WL 1764515, at *3 ("Defendant argues that an alternative basis for dismissal exists because Plaintiff has not alleged that he exhausted his administrative remedies by presenting his claim to the appropriate federal agency before filing suit, a necessary precursor to an FTCA action.  After review, the Court agrees.").

1

**CONCLUSION**

2        IT IS HEREBY ORDERED that the Motion to Dismiss (Doc. # 13) is **GRANTED**.

3  This action is **DISMISSED** for lack of subject matter jurisdiction.  The Clerk shall enter

4  judgment in favor of Defendant and against Plaintiffs.

5

DATED:  July 28, 2009

6

7                                          **WILLIAM Q. HAYES**
                                           United States District Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

09cv510-WQH-WMc